A CERTIFIED TRUE COPY

AUG - 7 2001

ATTEST

FOR THE JUDICIAL PANEL OF MULTIDISTRICT LITIGATION

8-9-01

JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

JUL 20 2001

FILED CLERK'S OFFICE

01-1186

*DOCKET NO. 1203*

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE DIET DRUGS (PHENTERMINE/FENFLURAMINE/DEXFENFLURAMINE) PRODUCTS LIABILITY LITIGATION*

FILED AUG 9 2001 By Dep. Clerk

*(SEE ATTACHED SCHEDULE)*

*CONDITIONAL TRANSFER ORDER (CTO-75)*

On December 10, 1997, the Panel transferred nine civil actions to the United States District Court for the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407. Since that time, more than 2,820 additional actions have been transferred to the Eastern District of Pennsylvania. With the consent of that court, all such actions have been assigned to the Honorable Harvey Bartle, III.

It appears that the actions listed on the attached schedule involve questions of fact which are common to the actions previously transferred to the Eastern District of Pennsylvania and assigned to Judge Bartle.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), the actions listed on the attached schedule are hereby transferred under 28 U.S.C. §1407 to the Eastern District of Pennsylvania for the reasons stated in the order of December 10, 1997 (1997 WL 774-929), as amended on January 6, 1998, cited at 990 F. Supp. 834 (J.P.M.L. 1998), and, with the consent of that court, assigned to the Honorable Harvey Bartle, III.

This order does not become effective until it is filed in the office of the Clerk of the United States District Court for the Eastern District of Pennsylvania. The transmittal of this order to said Clerk shall be stayed fifteen (15) days from the entry thereof and if any party files a notice of opposition with the Clerk of the Panel within this fifteen (15) day period, the stay will be continued until further order of the Panel.

Inasmuch as no objection is pending at this time, the stay is lifted.

AUG - 7 2001

CLERK'S OFFICE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

FOR THE PANEL:

Michael J. Beck
Clerk of the Panel

Filed 8-13-01
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

(3)

# SCHEDULE CTO-75 – TAG ALONG CASES
# DOCKET NO. 1203
# IN RE DIET DRUGS (PHENTERMINE/FENFLURAMINE/DEXFENFLURAMINE) PRODUCTS LIABILITY LITIGATION

| District | Div | Civil Action # | |
|---|---|---|---|
| ALABAMA NORTHERN | | | |
| ALN | 6 | 01-1434 | Bonner v. American Home Products Corp., et al. |
| ILLINOIS NORTHERN | | | |
| ILN | 1 | 01-2725 | Carris v. American Home Products Corp., et al. |
| ILLINOIS SOUTHERN | | | |
| ILS | 3 | 01-334 | Harris, et al. v. American Home Products Corp., et al. |
| MINNESOTA | | | |
| MN | 0 | 01-1186 | Swaim v. Wyeth-Ayerst Laboratories, et al. |
| NORTH CAROLINA WESTERN | | | |
| NCW | 3 | 01-355 | Smith v. Wyeth-Ayerst Laboratories Co., et al. |
| NEW YORK SOUTHERN | | | |
| NYS | 1 | 00-7785 | Miot v. American Home Products Corp., et al. |

13

FILED

JAN - 9 1998

MICHAEL E. KUNZ, Clerk
By ______ Dep. Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: DIET DRUGS (PHENTERMINE/ FENFLURAMINE/DEXFENFLURAMINE PRODUCTS LIABILITY LITIGATION) | : | MDL DOCKET NO. 1203 |
| THIS DOCUMENT RELATES TO ALL ACTIONS | : | |

PRETRIAL ORDER #2

AND NOW, this 7th day of January, 1998, for the purposes of MDL 1203 and until further notice of the transferee court, this order changes the duties of a transferor court under Rule 19(a), (b) and (c) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation as follows:

> Upon receipt of a certified copy of a transfer order from the clerk of the transferee district court, the clerk of the transferor court shall retain the entire original file and forward to the clerk of the transferee district court only a certified copy of both the docket sheet and the complaints together with amendments, if any. The clerk of the transferor court shall mark the case closed upon transfer to the transferee court. Following the docketing of a transfer order in the transferee court, any papers to be filed regarding any civil action covered by that transfer order are to be filed in the transferee court.

LOUIS C. BECHTLE, J.

Date: August 17, 2001 jr

R E C O R D O F D O C K E T T E X T

0:01-cv-01186 Swaim v. Wyeth-Ayerst Labs

DOCKET ENTRY

Conditional Transfer ORDER (Michael J. Beck, Clerk of the MDL Panel)Case transferred to Eastern District of: Pennsylvania 3pg(s) (cc: all counsel)

Hon. Donald D Alsop, Judge

THIS NOTICE SENT TO ALL COUNSEL